UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ronald D. Coleman (RC 3875)
Joel G. MacMull (JM 8239)
GOETZ FITZPATRICK LLP
One Penn Plaza – Suite 3100
New York, NY 10119
rcoleman@goetzfitz.com
jmcmull@goetzfitz.com
*Attorneys for Plaintiff*
*LVL XIII Brands, Inc.*



JUDGE ENGELMAYER

| | |
|---|---|
| LVL XIII BRANDS, INC., *a New York corporation*,<br><br>*Plaintiff*,<br><br>– vs. –<br><br>**LVMH MOET HENNESSY LOUIS VUITTON SA, LOUIS VUITTON MALLETIER SA,** *and* **LOUIS VUITTON NORTH AMERICA INC.,**<br><br>*Defendants.* | DOCKET NO. CV-<br>14-CV- 4869<br><br>**COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

Plaintiff LVL XIII Brands, Inc. ("LVL XIII") by its undersigned attorneys, by and for its complaint against defendants LVMH Moet Hennessy Louis Vuitton SA, Louis Vuitton Malletier SA, and Louis Vuitton North America Inc. (collectively, "Louis Vuitton" or "defendant") complains and says as follows:

### NATURE OF THE ACTION

1. This is an action in law and equity for trademark infringement, false designation of origin and trade dress infringement under the Lanham Act, unfair competition under the Lanham Act, N.Y. Gen. Bus. L. § 349 and the common law.

2. LVL XIII (pronounced "Level 13") is a luxury shoe brand founded by Antonio Brown, a former accountant who founded the line after being laid off from his job at a luxury doll manufacturer, the Alexander Doll Company.

3. LVL XIII is a "luxury lifestyle" brand that specializes in high-end shoes, including sneakers, that sell for $500-$1200 a pair.  They are made of top-grade leathers and exotic skins in a variety of unique, flamboyant and distinctive designs and combinations.

4. LVL XIII's unique collection of footwear has caught the attention of, or been publicly noted as being seen on the feet of, celebrities such as star musicians Chris Brown and Jason DeRulo, rappers Nas and Jim Jones, supermodel Tyson Beckford, and athletes J.R. Smith of the New York Knicks and Kroy Biermann of the Atlanta Falcons. Actors Nick Cannon, Tracey Morgan, Jason Sudeikis, Chris Tucker and Tristan Wilds have been seen wearing LVL XIII footwear as well.

5. In addition to being recognized for their quality and originality, LVL XIII's footwear is distinguished by, and its brand has become recognized through, the placement  on its shoes of distinctive rectangular metal plate across the front of the shoe toe including the legend "LVL XIII" engraved in the metal plate, secured by small screws in the corners of the metal plate (the "LVL XIII Toe Plate"), as typified by the shoes shown at left (arrow):

6. The LVL XIII Toe Plate has no function other than as a branding device.

7. No other line of footwear utilized a branding device similar to the LVL XIII Toe Plate when LVL XIII introduced it in early 2013.

8. The LVL XIII Toe Plate is inherently distinctive.

9. Moreover, and in the alternative, as set forth in detail below, in the relatively short time since the introduction of the LVL XIII Toe Plate has also achieved distinctiveness in the relevant market.

10. Defendant Louis Vuitton, a competitor whose offerings include luxury footwear, has however begun to compete unfairly with LVL XIII by offering for sale footwear utilizing trade dress that is confusingly similar to the LVL XIII Toe Plate and which impinges on the goodwill in it.

11. Defendant is promoting, marketing, offering for sale and selling its own goods while exploiting the goodwill of LVL XIII in an effort to mislead and confuse prospective purchasers, or, alternatively, while causing reverse confusion, and is falsely designating the source of origin of its luxury designer shoe line or, alternatively but without limitation, is thereby wrongfully causing LVL XIII to lose control over its brand and its goodwill.

12. Defendant's actions are part of a deliberate attempt to divert sales away from LVL XIII by benefitting unlawfully from the goodwill LVL XIII has built in the LVL XIII Toe Plate trademark for luxury designer shoes in this District and throughout the United States. These actions will continue unless enjoined by this Court.

## THE PARTIES

13. LVL XIII is a New York corporation with an address of 1481 Fifth Avenue, New York, New York.

14. Defendant LVMH Moet Hennessy Louis Vuitton SA is a foreign business entity organized under the laws of the Republic of France, with a principal place of business at 22, avenue Montaigne, 75008 Paris, France.

15. Defendant Louis Vuitton Malletier SA is a foreign business entity organized under the laws of the Republic of France, with a principal place of business at 22, Avenue Montaigne, 75008 Paris, France.

16. Defendant Louis Vuitton North America Inc. is a Delaware corporation with a principal place of business at 19 East 57th Street, New York, New York.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement and unfair competition pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

18. This Court has personal jurisdiction over all the defendants because they maintain a place of business or transact business in this District.

19. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is affected by the acts alleged in the action is situated, in this District and because defendant's contacts are sufficient to subject it to personal jurisdiction in this District, as set for the in the allegations herein.

## FACTS

20. LVL XIII was founded by Antonio Brown, a 29-year-old entrepreneur from Harlem and, later, Houston, who began his luxury footwear line after being laid off by the manufacturing company for whom he had worked for three years.

21. Beginning in early 2013, Mr. Brown, who is now LVL XIII's chief executive officer and creative director, built LVL XIII on the angel investments of friends and family and the inspired work and dedication of a small team of business and design professionals.

22. On March 6, 2013, LVL XIII filed an application to register, under Section 1(b) of the Lanham Act, the LVL XIII Toe Plate as a trademark for footwear in International Class 25 and U.S. Classes 22 and 39.

23. Despite operating on a shoestring budget that fell far short of the kind of marketing, advertising and other promotional expenditures associated with the successful launch of a fashion line, LVL XIII's June 2013 national press debut – which followed a month of intense social media groundwork – resulted in  phenomenal press, fashion and entertainment industry coverage of the New York launch event hosted by Supermodel Tyson Beckford in July 0f 2013, resulting in widespread fame and recognition for the LVL XIII line in a few short months.

5

24. LVL XIII scored early media attention with a June 13, 2013 interview of Mr. Brown. It focused on the development of and philosophy surrounding the LVL XIII footwear line, in the online *VERVE Social Magazine*, viewed regularly by over 22,000 social media influencers including journalists, artists, socialites, public relations specialists, writers, models, industry executives, and media personalities. The article, excerpted above, included photographs of the LVL XIII line, all displaying the distinctive LVL XIII Toe Plate.

25. That same month, pop star Jason Derulo appeared on the nationally-televised Good Morning America program wearing LVL XIII shoes, easily discerned by virtue of their distinctive LVL XIII Toe Plates, in which he put the shoes to extraordinary use in a display of acrobatic choreography. A screen capture of showing a frame from the extended performance by Derulo in his LVL XIII shoes is shown at right.



26. The next indication of LVL XIII's impact on the fashion world was a prominent mention in the online edition *Paper* magazine on July 13, 2013, including the LVL XIII promotional image shown below in which models are depicted wearing 13 different LVL XIII shoes, each of them bearing the distinctive LVL XIII Toe Plate.



7

27. Another early media mention of LVL XIII's designs was by Tony Harris of



the fashion blogger network f*or Details*, a leading men's fashion and lifestyle magazine (*right*). His July 31, 2013 post was one of many that featured photographs of two LVL XIII footwear selections,



bearing the distinctive LVL XIII Toe Plate, among his "favorite picks" from the summer 2013 fashion shows, alongside established designers such as Fred



Perry, Frank Clegg and Del Toro. The photographs from Harris's article featured are shown at right.

28. LVL XIII began selling footwear in the United States bearing the LVL XIII Toe Plate in August of 2013.

29. On August 27, 2013, the U.S. Patent and Trademark Office ("PTO") recognized the LVL XIII Toe Plate as inherently distinctive and issued a Notice of



Allowance for the LVL XIII Toe Plate.

30. LVL XIII's media profile exploded beyond the fashion press when "bad boy" music star Chris Brown was featured on the cover of the Fall 2013 issue of *Annex Man* magazine in connection with an article and series of photographs in different outfits, including one image

8

depicting him wearing a pair of LVL XIII shoes bearing the distinctive LVL XIII Toe Plate, as shown at above left.

31. That fall a series of features in specialty fashion magazines, including *Anolie*, Examiner.com and Conde Nast's industry bible *Footwear News* also featured LVL XIII's footwear, readily identifiable wherever pictured by the distinctive LVL XIII Toe Plate.

32. Shortly thereafter, on November 11 2013, Jason Derulo made his second Good Morning America appearance in LVL XIII shoes, readily recognizable due to their distinctive LVL XIII Toe Plates, on a special Veteran's Day program seen by millions in which Derulo helped, on live national television, a military veteran propose to his girlfriend.

33. LVL XIII's shoes started shipping to retail stores in November 2013, and the attention paid to LVL XIII continued well into 2014 with innumerable additional magazine and online media features and references.



34. For example, in March of this year, fashion photographer and blogger Tarrice Love  dedicated a post entitled "GOTTA GET ME A PAIR OF LVL XIII" to a narrative of the LVL XIII story illustrated by sumptuous photographs of LVL XIII shoes, including the one at right, shown – as all LVL XIII shoes are – bearing the distinctive LVL XIII Toe Plate.

9

35. LVL XIII's propulsion into the national consciousness continued with a May 9, 2014 interview in *Ebony* magazine's Style publication entitled, "Antonio Brown's Shoe Game is Crazy [INTERVIEW]." As shown below, the article included photographs of LVL XIII footwear, all bearing the distinctive LVL XIII Toe Plate and referring to LVL XIII's having secured trademark protection for the plates:



36. With his innovative LVL XIII line – including its distinctive branding through the LVL XIII Toe Plate – Mr. Brown was not only succeeding at developing a strong new fashion brand from the ground up. He was riding high on a growing trend in fashion retailing – luxury men's footwear – as noted in a March 13, 2014 article in *Women's Wear Daily*.

37. According to the *Women's Wear Daily* article, the men's footwear segment establish double-digit growth in 2013, with footwear retailing at $150 and up, growing 28 percent between 2012 and 2013.

38. That same day, a post on the online publication for entrepreneurs, *Upstart Business Journal* entitled "Men developing fetish for fabulous, pricey sneakers" quoted and linked to that article in *Women's Wear Daily*, and provided readers with an online "slideshow" featuring "innovations from big companies and new brands alike."

39. Included among them was a photograph of an LVL XIII shoe, featuring the distinctive LVL XIII Toe Plate:



40. These phenomena – both the growth of the men's luxury footwear sector and the rapid gains made by LVL XIII toward becoming a significant force in that market – came, upon information and belief, to the attention of defendant Louis Vuitton.

41. Thus in late February of 2014, Louis Vuitton began advertising its own line of men's footwear featuring a metal front toe plate on the outsole, essentially identical to the LVL XIII Toe Plate and selling for prices in the same range as LVL XIII's shoes.

42. For example, the Louis Vuitton website has, since that time, showed different versions of a sneaker called the "On the road sneaker," in both low-rise and boot versions, that have included a metallic toe plate, as shown below.




43. Another version of the "On the road sneaker" is shown below, as advertised on another fashion website:



44. Upon information and belief, these actions by Louis Vuitton were done willfully and in bad faith, in the full knowledge of the existence, success and nature of the LVL XIII footwear line, its distinctive branding by use of the LVL XIII toe plate and LVL XIII's proprietary rights therein, and with the purpose of either trading on the fame and goodwill associated with LVL XIII's Toe Plate or, alternatively and without limitation, forcing LVL XIII out of the very market niche it created

45. On April 7, 2014 LVL XIII filed a Statement of Use with the PTO.

46. The PTO reports the status of the its issuance of a registration for the LVL XIII Toe Plate, as of the date hereof, as pending review of the Statement of Use by a PTO examining attorney, an essentially ministerial act.

### FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement, 15 U.S.C. § 1125(a))

47. LVL XIII hereby incorporates by reference the allegations set forth above.

48. Defendant's use of a device confusingly similar to the LVL XIII Toe Plate, or of trademarks confusing similar thereto in connection with the sale of merchandise similar to that sold by of LVL XIII constitutes use in commerce by defendant of the LVL XIII Toe Plate trademark and trade dress.

49. Defendant has used the LVL XIII Toe Plate trademark knowing it is the exclusive property of LVL XIII and without the permission, authorization or consent of LVL XIII.

50. Defendant's actions create the false and misleading impression that its goods originate from or are affiliated, connected, associated, sponsored or approved by LVL XIII, that it is authorized by LVL XIII to use the LVL XIII trademark or otherwise causes confusion regarding the origin of its goods.

51. Defendant's use of the LVL XIII Toe Plate trademark has been without the consent of LVL XIII and is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the goods advertised, promoted, and offered by defendant are warranted, authorized, sponsored or approved by LVL XIII when they are not.

52. Defendant's unauthorized use of the LVL XIII Toe Plate trademark has resulted in defendant unfairly benefiting from LVL XIII's advertising and promotion, and

profiting from the reputation of LVL XIII and the LVL XIII Toe Plate trademark and trademark, to the substantial and irreparable injury of the public, LVL XIII, the LVL XIII Toe Plate trademark and the substantial goodwill represented thereby.

53. Alternatively, and without limitation, defendant's acts have or, unless enjoined by this Court, threaten to have the effect of causing reverse confusion, i.e., of pushing plaintiff's footwear bearing the LVL XIII Toe Plate trademark out of the market for footwear bearing the mark by utilizing its superior financial resources and overall brand equity to overwhelm the existing consumer association between LVL XIII and the toe plate brand it created.

54. Defendant's acts constitute willful trademark infringement as defined by Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) for which plaintiff is entitled to the relief set forth in 15 U.S.C. §1114.

55. By its wrongful acts, defendant has caused and unless restrained by the Court will continue to cause serious irreparable injury and damage to plaintiff and to the goodwill associated with the LVL XIII Toe Plate trademark, including diversion of customers, lost sales and lost profits.

56. Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
**(Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))**

57. LVL XIII hereby incorporates by reference the allegations set forth above.

58. Defendant has used the LVL XIII Toe Plate trademark, or trademarks confusingly similar thereto, in commerce, and continues to use them in commerce, in connection with defendant's advertisement, promotion, and offer of its goods.

59. In connection with defendant's advertisement, promotion, distribution, sales and offers of sales of its goods, defendant has affixed, applied and used false designations of origin and false and misleading descriptions and representations, including the LVL XIII Toe Plate trademark, which tend to confuse the public with respect to the origin, sponsorship, association or approval of good utilizing the LVL XIII Toe Plate.

60. Defendant has used the LVL XIII Toe Plate trademark with full knowledge of the falsity and confusing nature of such designation of origin, descriptions and representations, all to the detriment of LVL XIII.

61. Defendant's use of the LVL XIII Toe Plate trademark in association with defendant's goods constitutes false descriptions and representations tending falsely to describe or represent defendant and its goods as being authorized, sponsored, affiliated or associated with LVL XIII or, in the alternative, tending to cause reverse confusion such as to overwhelm plaintiff's trademark rights in the market and wrongfully to misappropriate the good will and fame associated with plaintiff's mark.

62. Defendant's acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe or represent defendant's goods as those of LVL XIII in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) for which plaintiff is entitled to the relief set forth in 15 U.S.C. §1114.

63. Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (N.Y. Deceptive Business Practices, Gen. Bus. L. § 349)

64. LVL XIII hereby incorporates by reference the allegations set forth above.

65. Defendant's appropriation and actual use of the LVL XIII Toe Plate trademark in connection with its goods and in order to wrongfully exploit the goodwill and reputation associated therewith and attached thereto, or, in the alternative, its actions as alleged above which have resulted in or threaten to result in reverse confusion, constitute trademark infringement, false designation of origin and unfair competition in violation of N.Y. Gen. Bus. L. § 349.

66. Defendant's actions as alleged herein have caused and will continue to cause irreparable damage and injury to LVL XIII if not enjoined by this Court.

67. LVL XIII has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### (Unfair Competition under the Common Law)

68. LVL XIII hereby incorporates by reference the allegations set forth above.

69. The acts complained of herein constitute unfair competition, trademark infringement and tortious misappropriation under the common law of New York.

70. Plaintiff has no adequate remedy at law.

**WHEREFORE**, plaintiff LVL XIII prays for an order of the Court:

A.  Granting a preliminary and permanent injunction restraining defendants, and all individuals acting in concert or participation with them, from:

1.  utilizing any device or affixing in any way to footwear for marketing, promotion or sale thereof any marking identical of confusingly similar to the LVL XIII Toe Plate;

17

    2.    otherwise infringing plaintiff's trademark rights;

    3.    otherwise competing unfairly with plaintiff; and

B. Directing defendants to use their best efforts to recall from all third parties any and all marketing, advertising and promotional material used in connection with their infringing goods; and

C. Directing defendants to destroy, within ten days of the entry of final judgment herein, any and all articles, including any marketing, advertising and promotional materials used in connection therewith, now or hereafter in their possession, custody or control, utilizing the LVL XIII Toe Plate in any fashion; and

D. Directing defendants to file with the Court and serve on counsel for plaintiff, within 15 days of the entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. §1116 setting forth in detail the manner and form in which defendants have complied with the injunction; and

E. Directing defendants to account to plaintiff for any and all profits derived by them from the sale of goods utilizing any mark confusingly similar to the LVL XIII Toe Plate; and

F. Awarding plaintiff a money judgment against defendants for plaintiff's damages and defendants' profits; and

G. Awarding plaintiff treble damages and reasonable attorneys' fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117; and

H. Awarding plaintiff such other and further relief as the Court may deem just and proper.

GOETZ FITZPATRICK LLP

_____
    Ronald D. Coleman (RC 3875)

Joel G. MacMull (JM 8239)
One Penn Plaza – Suite 3100
New York, NY 10119
rcoleman@goetzfitz.com
jmcmull@goetzfitz.com
*Attorneys for Plaintiff*
*LVL XIII Brands, Inc.*

Dated:  June 29, 2014


## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff LVL XIII Brands, Inc. demands trial by jury in this action of all issues so triable.

GOETZ FITZPATRICK LLP

_____
    Ronald D. Coleman (RC 3875)

Joel G. MacMull (JM 8239)
One Penn Plaza – Suite 3100
New York, NY 10119
rcoleman@goetzfitz.com
jmcmull@goetzfitz.com
*Attorneys for Plaintiff*
*LVL XIII Brands, Inc.*

Dated:  June 29, 2014